UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:22-cv-81771

GEORGE SHARP,

    Plaintiff,

v.

UNITED VAN LINES, LLC,

    Defendant.

_____/

## COMPLAINT

Plaintiff, **GEORGE SHARP** ("SHARP" and/or "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, **UNITED VAN LINES, LLC** ("UNITED" and/or "Defendant") and alleges as follows:

## INTRODUCTION

This action has been filed due the oppressive, deceptive, and unscrupulous actions taken by Defendant to the detriment of Plaintiff and likely many other customers, who have been forced to adhere to the unreasonable and/or adhesive provisions of the Bill of Lading authorizing Defendant to have 120 days to process a claim. Plaintiff has been hindered from being able to take residence in his newly acquired 1.4-million-dollar townhouse, because of his bed and mattress being destroyed, his couch being left without parts as well as numerous other damages to other pieces of furniture and significant damages to the freshly painted clean white walls and custom stairs. Plaintiff has been forced to incur significant expenses for hotel and meals over the last 2 months because of Defendant's ongoing negligent processing and delay of plaintiff's claims for reimbursement. Defendant has been completely unsympathetic and without remorse to the damage

they caused, and to the fact that Plaintiff has been forced to live in a hotel whenever he is in his city of residence over the last 2 months.

## JURISDICTION AND VENUE

1. This is an action constituting claims under the Court's federal question jurisdiction under 28 U.S.C. § 1331; arising under an Act of Congress regulating trade and commerce known as the Carmack Amendment (49 U.S.C. § 14706); and/or supplemental jurisdiction under 28 U.S.C. § 1369 and, alternately under Florida state law.

## THE PARTIES

2. Plaintiff, GEORGE SHARP is an individual over the age of eighteen and otherwise *sui juris*. At all times material, Plaintiff was the owner of the household goods at issue herein.

3. Upon information and belief, Defendant UNITED VAN LINES, LLC, is a corporation or other business entity existing under and by virtue of the laws of Missouri; is a carrier and/or a freight forwarder within the meaning of the Carmack Amendment; and/or a broker or other transportation provider for carriage of goods by road for hire; and is otherwise *sui juris*. UNITED conducts business in Palm Beach County, Florida.

## GENERAL ALLEGATIONS

4. On or about March 9, 2022, Plaintiff and Defendant entered into an agreement for interstate moving services of household goods from Scottsdale, Arizona to Boynton Beach, Florida.

5. In consideration of certain agreed freight charges thereupon paid or agreed to be paid, Defendant agreed to transport and/or arrange to transport the household items and to deliver same in like good order and condition to Plaintiff in Boynton Beach, Florida.

6. The household goods are described in the estimate, contract, and bill of lading attached hereto as composite ***Exhibit "A"***.

7. Plaintiff had solicited a quote from Defendant's website that was maintained by Defendant in its solicitation of business.

8. Plaintiff reasonably believed that he was doing business with Defendant and that Defendant would be performing the moving services for his move.

9. In addition, Plaintiff reasonably believed this due in part, to the representations on Defendant's website, dealings between the parties, and the reputation and goodwill Defendant represented to benefit from in the industry.

10. Plaintiff purchased an additional Two-Hundred Thousand Dollars ($200,000.00) of coverage from Defendant with the belief that this additional coverage would insure Plaintiff against any damaged or lost items damaged or lost by Defendant.

11. Pursuant to the agreement, Defendant was to arrive on or about March 24, 2022, at Plaintiff's former residence in Arizona to assist with packing household goods and custom packing of fragile/ specialty household goods.

12. Defendant was contracted to load the household goods on March 25, 2022, with the assistance of a third party to ensure the fragile/custom items were loaded and unloaded properly.

13. Defendant failed to advise Plaintiff that Defendant would use subcontractors or any third parties to move the goods.

14. The Plaintiff's property was in good undamaged condition and nearly new when it was picked up on March 25, 2022, by the Defendant's representatives at his Scottsdale, Arizona former home.

15. Defendant did not inventory all of Plaintiffs household goods.

16. During the move, Defendant lost or damaged most of Plaintiff's property that Defendant had agreed to safely transport for Plaintiff.

17. Plaintiff's property did not arrive at its destination in the same condition and good order when picked up by Defendant in violation of Defendant's contractual obligations and duties.

18. Defendant failed to deliver Plaintiff's property to Plaintiff in good undamaged condition.

19. Defendant negligently packed household goods and negligently unpacked fragile/specialty household goods damaging those goods in spite of the fact that Plaintiff paid for professional packing services.

20. On or about September 12, 2022, Plaintiff submitted claims to the for his personal property loss. *See* **Exhibit "B".**

21. In addition to electronic communication, Plaintiff made numerous complaints orally and in writing to Defendant regarding the severely damaged state of the items after delivery.

22. Since damaging most of Plaintiff's personal property, Defendant has refused to fairly reimburse Plaintiff for the damaged property breaching its contractual duties, despite repeated demands by Plaintiff to honor the terms of the Bill of Lading.

23. Defendant acted negligently, grossly negligently, recklessly, and/or engaged in willful misconduct in that it acted with willful, wanton, and reckless disregard of its duties as a carrier, forwarder, broker, and/or other transportation provider in the safekeeping and transport of Plaintiff's household items, or otherwise materially deviated from its duties.

24. All conditions precedent to filing this action have been fulfilled, to the extent not excused, discharged, satisfied, or waived by Defendant's conduct.

25. Plaintiff has retained the undersigned counsel to represent him in this matter and has agreed to pay reasonable fees for services being provided on his behalf.

## COUNT 1- BREACH OF THE CONTRACT OF CARRIAGE

Plaintiff realleges the allegations set forth above in Paragraphs 1 through 25 as if fully set forth herein.

26. On or about March 25, 2022, Defendant received in Scottsdale, Arizona, a shipment of Plaintiff's household goods in good order and condition and agreed to pack, transport, carry, and deliver the household goods to Plaintiff in Boynton Beach, Florida, in like good order and condition as when received and pursuant to the Bill of Lading under which it was carried. A true copy of the bill of lading is attached hereto as **Exhibit "A"**.

27. Plaintiff declared a value of $200,000.00 in writing for the shipment and paid Defendant an additional upcharge for the valuation declaration.

28. The household goods were not delivered at the destination in like good order and condition, but rather, there was evidence of damage and loss. Plaintiff discovered that his belongings were not protected or wrapped in spite of the fact that he paid for such a service.

29. Plaintiff made a timely written claim for the damage and loss of the household goods alleged, but Defendant has failed and/or refused to pay Plaintiff and Plaintiff has been damaged in an amount, as nearly as can now be estimated, up to or exceeding seventy-five thousand dollars ($75,000.00).

30. Plaintiff has duly performed all duties and obligations required to be performed by them.

31. By reason of Defendant's breach, Plaintiff has sustained damages.

WHEREFORE, Plaintiff **GEORGE SHARP** demands judgment against the Defendant, **UNITED VAN LINES, LLC**, in the amount exceeding seventy-five thousand dollars ($75,000.00), pre-judgment interest, costs, and for any additional relief to which it may be entitled.

## COUNT 2 - BREACH OF DUTIES UNDER THE CARMACK AMENDMENT

Plaintiff realleges the allegations set forth above in Paragraphs 1 through 25 as if fully set forth herein.

32. By reason of the foregoing, Defendant was a carrier of merchandise and/or a freight forwarder within the meaning of the Carmack Amendment, 49 U. S.C. 14706, et seq., and Federal and state laws governing interstate motor carriers of household goods.

33. Defendant's conduct of delivering the shipment damaged also constitutes conversion and/or a material deviation of its contractual obligation.

34. The household goods were not delivered at the destination in like good order and condition, rather, there was evidence of damage and loss.

35. By reason of the foregoing, Plaintiff has been damaged.

WHEREFORE, Plaintiff **GEORGE SHARP** demands judgment against the Defendant, **UNITED VAN LINES, LLC**, in the amount exceeding seventy-five thousand dollars ($75,000.00), pre-judgment interest, costs, and for any additional relief to which it may be entitled.

## COUNT 3 - NEGLIGENCE
### (In the Alternative)

Plaintiff realleges the allegations set forth above in Paragraphs 1 through 25 as if fully set forth herein.

36. Defendant was at all times material and purports to be a professional moving company. As such, they had a duty to load and transport Plaintiff's belongings in a reasonable manner.

37. Defendant breached its duties and obligations to Plaintiff to provide a professional, quality carrier to carry, transport, and deliver Plaintiff's property, and otherwise breached their obligations.

38. Because Defendant breached its obligations to Plaintiff to provide a professional, quality carrier to carry, transport and deliver Plaintiff's property, Plaintiff's belongings were damaged.

39. In addition, Defendant was negligent, as during the delivery of the move, Defendant's movers damaged most of the newly painted white walls and certain newly installed stairs leading up to the 2nd story of the subject premises.

40. The damage to Plaintiff's belongings and property were caused solely by the reckless and unreasonable way in which Defendant handled and delivered Plaintiff's belongings.

WHEREFORE, Plaintiff **GEORGE SHARP** demands judgment against the Defendant, **UNITED VAN LINES, LLC**, in the amount exceeding seventy-five thousand dollars ($75,000.00), pre-judgment interest, costs, and for any additional relief to which it may be entitled.

### COUNT 4 - FRAUDULENT MISREPRESENTATION
### (In the Alternative)

41. Defendant purposefully and intentionally made false statements and representations that it would transport all of Plaintiff's household goods and furniture from Arizona to Florida in the manner described in the parties' agreement and for the price as set forth in their agreement.

42. At the time the parties entered into the contract, Defendant knew those representations made to Plaintiff were false and that they were being made for the purpose of inducing Plaintiff to act in reliance on these representations.

43. Defendant's misrepresentations include but are not limited to, that Defendant would be the exclusive carrier of the goods thereby creating a false expectation of quality and professionalism when it knew that it would not be acting as the carrier but rather, would

subcontract the job out to third parties unknown to Plaintiff.

44. Plaintiff's subsequent action in reliance on the correctness of the representation resulted in significant damages up to or exceeding seventy-five thousand dollars ($75,000.00).

WHEREFORE, Plaintiff **GEORGE SHARP** demands judgment against the Defendant, **UNITED VAN LINES, LLC**, in the amount exceeding seventy-five thousand dollars ($75,000.00), pre-judgment interest, costs, and for any additional relief to which it may be entitled.

### COUNT 5 - VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

Plaintiff realleges the allegations set forth above in Paragraphs 1 through 25 as if fully set forth herein.

45. This is an action pursuant to Florida Statutes 501.201, *et seq.*, otherwise known as Florida's Deceptive and Unfair Trade Practice Act ("FDUPTA").

46. FDUTPA is intended to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

47. Plaintiff is a consumer, and the subject transactions are trade or commerce, as defined by FDUPTA.

48. An unfair practice under the FDUPTA is a practice that is either immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

49. The Defendant purposefully and intentionally made false statements and representations that it would transport all of Plaintiff's household goods and furniture from Arizona to Florida in the manner described in the parties' agreement and for the price as set forth in their agreement and that the additional insurance coverage purchased by Plaintiff would ensure

Plaintiff's household goods against any negligence, loss, or damage caused by Defendant.

50. At the time the parties entered into the contract, Defendant knew or should have known those false, misleading, and/or deceptive statements made to Plaintiff were false and that they were being made for the purpose of inducing him to act in reliance on these representations which constitute "deceptive acts or practices" in violation of § 501.204(1), Florida Statutes.

51. Defendant's false, misleading, and/or deceptive statements include but are not limited to, that it was Defendant that would be the carrier of the goods thereby creating a false expectation of quality and professionalism when it knew that it would not be acting as the carrier but rather, would subcontract the job out to third parties.

52. Furthermore, the Defendant's actions constitute unconscionable commercial practices, deception, fraud, false pretenses, misrepresentation, concealment, and misrepresentation of material facts, all in violation of FDUTPA.

53. As a direct and proximate result of the Defendant's false, misleading, and deceptive practices, conduct in trade and commerce, the Plaintiffs have suffered substantial damages.

**WHEREFORE**, Plaintiff **GEORGE SHARP** respectfully prays that judgment to be entered against Defendant, **UNITED VAN LINES, LLC** for:

(a) All actual damages suffered by Plaintiff as a result of these wrongful acts,

(b) For a declaratory judgment that the Sellers' deceptive acts violate FDUPTA,

(c) Together with interest, attorney's fees pursuant to Fla. Stat. §57.105, costs, and

(d) Such other and further relief as the Court may deem just and appropriate.

By: /s/ Michael L. Feinstein
Michael L. Feinstein, Esq.
FBN: 650382

                                  **MICHAEL L. FEINSTEIN, P.A.**
*Attorneys for Plaintiff*
501 E. Las Olas Blvd., Suite 200
Fort Lauderdale, Florida 33301
Tel: (954) 767-9662
Fax: (954) 901-2706
Michael@feinsteinlaw.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of November 2022 a true and correct copy of the foregoing has been furnished by electronic mail to all counsel of record.

                                  */s/ Michael L. Feinstein*
                                  Michael L. Feinstein Esq.